IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:09CR385

OMAR DIAZ-RIOS

MEMORANDUM OPINION

Omar Diaz-Rios was convicted in this Court, in this criminal case, of illegal reentry after being convicted of an aggravated felony ("Diaz-Rios I"). Diaz-Rios has filed a 28 U.S.C. § 2255 motion. (ECF No. 22). The Government has filed UNITED STATES' MOTION TO DISMISS DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255 ("Motion to Dismiss," ECF No. 29), asserting that Diaz-Rios's § 2255 Motion is untimely. For the reasons set forth below, the Motion to Dismiss will be granted and the § 2255 Motion will be dismissed as barred by the statute of limitations.[1]

I. PROCEDURAL HISTORY

A. Diaz-Rios I

On April 23, 2010, the Court entered judgment against Diaz-Rios and sentenced him to twenty-four months of imprisonment for

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations from the Diaz-Rios's submissions.

illegal reentry after being convicted of an aggravated felony. (ECF No. 17, at 1-2.) Diaz-Rios did not appeal.

On April 29, 2019, Diaz-Rios executed his motion under § 2255 and placed it in the prison mail system for mailing to this Court. (ECF No. 22, at 12.) Thus, the § 2255 Motion is deemed filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

In the § 2255 Motion,[2] Diaz-Rios contends that he is entitled to relief on the following grounds:

| | |
|---|---|
| Claim One | "My due process of law rights have been violated whereas I'm being punished for the same offense twice. I was sentenced to time served [for my offense of illegal reentry after being convicted of an aggravated felony], but my sentence computation date sheet does not reflect such at the F.C.I. where I'm serving my federal sentence." (ECF No. 22, at 4.) |
| Claim Two | "My counsel was ineffective whereas he did inform me that he was going to handle the situation about my time being served and both charges to run concurrent with each other, but never did so . . . ." (Id. at 5.) |
| Claim Three | "[C]ounsel was ineffective for not notifying the courts that the U.S. District Attorney did agree to run both offenses together and forward the paperwork to the Federal Bureau of Prisons . . . ." (Id. at 7.) |

---

[2] On May 12, 2010, Diaz-Rios pled guilty to attempting to possess with intent to distribute five kilograms or more of cocaine hydrochloride. (ECF No. 35) (Diaz-Rios II). On August 25, 2010, the Court entered judgment and sentenced Diaz-Rios to 327 months of imprisonment. (ECF No. 58, at 2.) The Judgment does not indicate that the sentence in Diaz-Rios II should run concurrently with the sentence in Diaz-Rios I. (Id.) On May 20, 2019, the Court received a § 2255 Motion from Diaz-Rios in Diaz-Rios II. That § 2255 Motion will be addressed separately. All citations in this footnote are to the docket in Diaz-Rios II.

2

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. Running Of The Statute Of Limitations

Because Diaz-Rios did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Friday, May 7, 2010, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010)

3

(citing <u>Arnette v. United States</u>, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Hence, Diaz-Rios had until Monday, May 9, 2011 to file any motion under 28 U.S.C. § 2255. Because Diaz-Rios did not file his § 2255 Motion until April 29, 2019, the motion is untimely pursuant to 28 U.S.C. § 2255(f)(1).

Under 28 U.S.C. § 2255(f)(3), the limitation period sometimes can commence belatedly. Specifically, that section provides for a belated commencement of the limitation period until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Arguably, Diaz-Rios could not discover that his sentence in <u>Diaz-Rios I</u> would not run concurrent with his sentence in <u>Diaz-Rios II</u> until the Court entered judgment in <u>Diaz-Rios II</u> on August 25, 2010. Nevertheless, even with the benefit of this belated commencement date, the § 2255 Motion under consideration was not filed until April 29, 2019 and thus would be barred by the relevant statute of limitations.

Also, motions pursuant to 28 U.S.C. § 2255 are subject to equitable tolling. <u>See</u> <u>Holland v. Florida</u>, 560 U.S. 631, 645-46 (2010). However, the Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' <u>only if</u> he shows '(1) that he has been pursuing his rights diligently, and (2) that

4

some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (emphasis added).

Diaz-Rios argues that the Court should equitably toll the limitation period because he could not afford counsel and he is "a layman of the law, not knowledgeable of the rules or procedures and just found out that I could petition the Court to correct my sentence." (ECF No. 22, at 11.) Neither lack of counsel nor ignorance of the law provide a basis for equitable tolling of the limitation period. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)). Accordingly, Diaz-Rios fails to demonstrate that equitable tolling or any other circumstance renders his § 2255 Motion timely.

### III. CONCLUSION

For the foregoing reasons, Diaz-Rios § 2255 Motion (ECF No. 22) will be denied and the Motion to Dismiss (ECF No. 29) will be granted. The Motion for Waiver of Attorney Client Privilege (ECF No. 27) will be denied as moot. Diaz-Rios's Motion for Appointment of Counsel (ECF No. 34) will be denied because the

matter is not sufficiently complex to warrant appointment of counsel. The action will be dismissed. Diaz-Rios's request to proceed in forma pauperis (ECF No. 24) will be denied because that status is not required for these proceedings.

An appeal may not be taken from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Diaz-Rios has not met this standard. Thus, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Diaz-Rios and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 4, 2021